# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SUMMIT POINT KART, LLC | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-17-1074 |
| MIDDLE RIVER STATION DEVELOPMENT, LLC | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM**

Before the Court is Plaintiff Summit Point Kart, LLC's motion for leave to file an amended complaint. (ECF No. 28.) Plaintiff filed its original complaint on April 18, 2017 (ECF No. 1) and the deadline for motions to amend pleadings passed on September 25, 2017. (*See* Scheduling Order, ECF No. 20.) Plaintiff filed its motion to amend its complaint on October 10, 2017. Defendant Middle River Station Development, LLC ("Middle River") responded in opposition on October 24. (ECF No. 29.) There is no need for a hearing to resolve the matter. *See* Local Rule 105.6 (D. Md. 2016). Plaintiff has failed to show good cause for amending its complaint past the deadline for amendment provided in the scheduling order. *See Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 373 (D. Md. 2002); Fed. R. Civ. P. 16(b). Accordingly, Plaintiff's motion will be denied by accompanying order.

## I. *Background*

As will be discussed below, the issue before the Court concerns what the Plaintiff knew and when, and does not concern the merits of Plaintiff's allegations in the complaint. The Court will therefore only briefly recount the nature of this dispute from the Plaintiff's perspective.

In late 2015, Plaintiff rented a property owned by Middle River to use as an indoor go-kart course. (Compl. ¶ 5.) After forming the lease, there were a variety of problems with the property, but most importantly Middle River did not make improvements necessary for the premises to comply with the Baltimore County Fire Code, and as a result Plaintiff was issued a cease and desist order from the Fire Department preventing Plaintiff from using the premises. (*See id.* ¶ 16.) Middle River had contracted with Judd Fire Protection, LLC ("Judd") to repair "the life safety and fire protection systems" at the premises but as of September 2016, Middle River had failed to pay Judd "the majority of amounts due and owed" to it. (*Id.* ¶ 14.) In Plaintiff's original complaint it alleged Breach of Contract and Negligent Misrepresentation against Middle River for failure to comply with certain provisions of the lease agreement and for representations that Middle River had made in regard to its efforts to repair the premises. (*Id.* ¶¶ 20-32.)

On August 15, 2017 the Court entered a Scheduling Order in this case setting September 25, 2017 as the deadline for amendment of pleadings. Sometime after July 7, 2017, roughly two months before this deadline, Plaintiff "learned that non-party, JUDD FIRE PROTECTION, LLC, had sought and established a mechanic's lien on [the premises]." (Mot. for Leave to File Am. Compl. at 3 (emphasis in the original).) Plaintiff also learned at some point after July 7, that Mr. Salomon Smeke, Middle River's principal, had written to Summit Point on August 30, 2016

stating that the "Fire alarm and sprinkler system are 100% completed," a statement that Plaintiff alleges was a misrepresentation. (*Id.*)

Plaintiff hoped to amend its complaint due to this ostensibly recently acquired information, but Plaintiff encountered several problems. Plaintiff's counsel is "based in Tampa, Florida" and its operations were disrupted by Hurricane Irma "through mid-September 2017." (*Id.* at 3-4.) Further, on September 25, 2017 Plaintiff "sought agreement to an extension of time for amendment of the pleadings from counsel for Middle River." (*Id.* at 4.) Counsel for Middle River informed Plaintiff that it was "inclined to oppose the motion but [it] did not take a final definite position." (*Id.* (internal quotation marks omitted).) Ultimately, Plaintiff missed the September 25 deadline set by the Court to amend pleadings, and now seeks leave of the Court to amend its complaint to reflect the information that it "learned" in the summer of 2017.

**II.** *Standard of Review*

When a party seeks to amend its complaint after the deadline for doing so set in a scheduling order, the Plaintiff "triggers both Fed. R. Civ. P. 15(a) governing amendments to pleadings and Fed. R. Civ. P. 16(b) governing modification to a scheduling order." *Rassoull*, 209 F.R.D. at 373. First, the Plaintiff "must satisfy the good cause standard of Rule 16(b) [and] then must pass the tests for amendment under Rule 15(a)." *Elat v. Ngoubene*, 993 F. Supp. 2d 497, 519 (D. Md. 2014) (internal quotation marks omitted); *see Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298-99 (4th Cir. 2008) (noting tension between Rule 15 and Rule 16; not reaching district court's Rule 15(a) finding of futility because it affirmed district court's Rule 16(b) application of "good cause" standard).

### III. *Analysis*

The "primary consideration of the Rule 16(b) 'good cause' standard is the diligence of the movant." *Rassoull*, 209 F.R.D. at 374. The "substance of the proposed amendment" is largely immaterial, rather the Court focuses on the "reasons for its tardy submission." *Id.* at 373-74. If, despite the movant's diligence, it was unable to meet the deadline imposed by the Court, good cause may be shown and the Court would move on to consideration of the Rule 15(a) standard for amending a complaint. Mere oversight by the movant, however, would not be good cause for setting aside a scheduling order deadline and allowing a "tardy submission."

As best the Court can tell, Plaintiff's reasons for failing to comply with the scheduling order are (1) that it did not discover the writing from Smeke or information regarding Judd's mechanic's lien until the summer or possibly early fall of 2017, (2) that it was unable to promptly address that information because of Hurricane Irma, and (3) that it did not receive cooperation from opposing counsel. First, and most importantly, Plaintiff has failed to explain to the Court why it did not "learn" of the writing from Smeke or Judd's mechanic's lien until the summer or fall of 2017. The writing was an email sent to Plaintiff's principal, Mr. William Scott, on August 30, 2016, roughly eight months before Plaintiff filed its complaint. Plaintiff had ready access to this information long before filing its complaint, let alone before the September 25 deadline. With regard to Judd, Plaintiff may not have known specifically that Judd had asserted a mechanic's lien on the premises until after it filed its complaint, but Plaintiff was fully aware of the *implications* of this information when it filed its complaint. That is, Plaintiff knew that the fire protection systems that Judd had been contracted to repair had not been repaired and knew that Judd had not been paid for whatever work it had done – Plaintiff asserted as much in its complaint. In other words, the mechanic's lien does not appear to be new

4

information that Plaintiff reasonably did not discover until after it filed its complaint, but rather new evidence demonstrating information Plaintiff already possessed.

The Court will briefly address the Plaintiff's second and third reasons for missing the deadline. While Hurricane Irma was a terrible event and the Court sympathizes with Plaintiff's counsel's hardships, Plaintiff did not explain how the hurricane actually prevented it from filing this motion in September (or earlier). Perhaps Plaintiff "learned" of this information on September 24 and Plaintiff's counsel was somehow adversely affected by the hurricane on September 25, but Plaintiff does not present such a compelling timeline. Plaintiff only notes that its counsel had intermittent disruptions to its operations during September, yet it does not explain when, specifically, it "learned" of the writing from Smeke or the mechanic's lien, and it does not explain how those disruptions impacted its ability to meet the September 25 deadline. Finally, the Court appreciates Plaintiff's attempt to work with opposing counsel, but the deadlines in the Scheduling Order were set by the Court, and can only be amended by the Court, not by an agreement between the parties.

**IV.** *Conclusion*

Plaintiff did not demonstrate good cause for failure to comply with the Scheduling Order set forth in this case and therefore its motion to file an amended complaint will be denied by accompanying order.

DATED this 13th day of November, 2017

BY THE COURT:

_____/s/_____
James K. Bredar
Chief Judge